IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JEWEL BISHOP** | § | Civil Action No. 3:22-cv-2850 |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| **BAYLOR UNIVERSITY &** | § | |
| **BAYLOR UNIVERSITY – THE LOUISE** | § | |
| **HERRINGTON SCHOOL OF NURSING** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Jewel Bishop ("Bishop"), brings this action against Defendants Baylor University ("BU") and Baylor University – The Louise Herrington School of Nursing, its parent, and subsidiaries (hereinafter "BUSON"), for violating the laws of the United States of America, as well as the State of Texas, and alleges the following:

### I.  INTRODUCTION

1. This action seeks to recover equitable relief, compensatory and punitive damages, liquidated and unliquidated damages, front and back pay, exemplary damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interests for violations of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended and Section 704(a) of Title VII of the Civil Rights Act of 1964.

2. Plaintiff demands a jury trial on all issues triable to a jury.

### II. PARTIES, JURISDICTION, AND VENUE

3. Plaintiff, Jewel Bishop ("Bishop") is a citizen of the United States of America and the State

of Texas residing in Texas.

4. Defendant, Baylor University ("BU") is a private university located in Waco, Texas. Baylor is governed and operated by the Baylor University Board of Regents ("Regents"). Baylor University is an organization authorized to do business, and is doing business, in the State of Texas and the County of Dallas and is an employer within the meaning of Title VII. Defendant can be served at its principal place of business at 1301 S. University Parks Drive, Waco, TX 76798.

5. Defendant, Baylor University – The Louise Herrington School of Nursing ("BUSON") is a private university school of nursing governed and operated by the Baylor University Board of Regents ("Regents"). BUSON is an organization authorized to do business, and is doing business, in the State of Texas and the County of Dallas and is an employer within the meaning of Title VII. Defendant can be serviced at its principal place of business at 333 North Washington Avenue, Dallas, TX 75246-1754.

6. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331 and 28 U.S.C. §1367.

7. Venue is proper in the Northern District of Texas, under 28 U.S.C. §1391(b) because the substantial part of the events or omissions giving rise to this cause of actions occurred in the Northern District of Texas.

8. Plaintiff was an employee of BU and BUSON within the meaning of Title VII.

## III. CONDITIONS PRECEDENT

9. All conditions precedent to filing this cause of action have been met.

10. Plaintiff timely filed an intake form with the Equal Employment Opportunity Commission ("EEOC") against Defendants on August 24, 2018, which eventually became EEO Charge No. 450-2018-05126. The EEOC issued a right to sue letter on September 22, 2022.

## IV. FACTS

11. At all times relevant to this case, Defendants have been an "employer" of Plaintiff within the meaning of Title VII.

12. At all times relevant to this case, Defendants have employed more than fifteen (15) employees.

13. Plaintiff was employed by Defendants within the applicable statute of limitations.

14. Plaintiff was employed by Defendants as a Program Support Manager between October 3, 2016 and August 17, 2018.

15. Throughout her employment, Plaintiff was a full-time employee of Defendants.

16. Plaintiff was an excellent performer and received good performance reviews.

17. Plaintiff is an African-American female in her 40s.

18. Plaintiff's supervisor Dr. Plank is a Caucasian female in her sixties.

19. Plaintiff's initial harasser, Dr. Ketcham is a caucasian female in her sixties.

20. Early in her employment in 2016, Plaintiff was treated negatively by a professor named Dr. Ketcham who was verbally abusive, micromanaging Plaintiff's duties and seeking her out to berate her. More specifically, Dr. Ketcham would make statements such as "Where are you from," "Where did you get your degree," "That's the dumbest thing I have ever heard," and "Little Schools….Little Minds." All in an effort to harass Plaintiff based on her race.

21. Plaintiff reported these issues with regularity to her direct supervisor, Dr. Linda Plank.

22. In January 2017, Plaintiff reported the issues to Dr. Plank who said she would take care of it. Conditions improved for about three (3) weeks but then returned to an abusive environment therafter.

23. In March 2017, Plaintiff reported the issues to Dr. Plank again and indicated that Dr. Ketcham's treatment had gotten worse and that she believed it to be based on a personal issue implying race. Dr. Plank again stated she would take care of it.

24. In May 2017, Dr. Ketcham's treatment escalated further which precipitated a sit down meeting with Plaintiff, Dr. Ketcham and Dr. Plank but the target of the meeting was surprisingly and disappointingly focused on Plaintiff's behavior rather than Plaintiff's severe and pervasive history of abuse by Dr. Ketcham.

25. On May 2017, Plaintiff went to human resources to address harassment who advised Plaintiff to simply put her complaints in the remarks section of her performance evaluation.

26. Without anywhere to turn, Plaintiff simply suffered pervasive negative treatment based on her race throughout the remainder of 2017 and 2018 in the hopes that something would change and improve.

27. On or about April 2018, Plaintiff filed a complaint with the office of equity and inclusion at Defendants and spoke to investigator Brittney Wardloff complaining about race discrimination and harassment.

28. On or about June 4, 2018, Plaintiff complained again to Dr. Plank regarding the treatment based on race and harassment, and she was then put into the equivalent of a closet for an office with no internet, electric or ventilation in retaliation for her numerous reports of race discrimination that were unaddressed by Defendants.

29. When Plaintiff expressed being upset regarding the office assignment, she was then put on Administrative Leave on June 13, 2018 in retaliation.

30. Plaintiff then filed an EEOC complaint in June 2018 which culminated into a signed charge in August 2018 as mentioned above.

31. Due to the stress of working under such harassing conditions for so long, Plaintiff took six (6) weeks off on FMLA to address her mental health state which had been chipped away by Defendants over the years.

32. Plaintiff was terminated on or about August 17, 2018 based on her race and complaining of

harassment based on her race.

33. In fact, Ms. Wardloff, the investigator for Baylor, stated that she believed racial discrimination was the reason for Plaintiff's treatment and termination.

34. Ms. Wardloff was unable to complete her investigation because Dr. Plank and/or Dr. Ketcham would not participate fully. In fact, the final report of investigation of the matter was forged because Ms. Wardloff was out on maternity leave.

35. Plaintiff suffered significant damages because of Defendants' race driven harassment and discrimination.

## V. CAUSES OF ACTION

### COUNT ONE: TITLE VII - RACE DISCRIMINATION/HARASSMENT

36. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

37. Plaintiff is an African-American female.

38. Because Plaintiff's race she belongs to a group of persons that 42 U.S.C. § 2000e, *et seq.* (Title VII of the 1964 Civil Rights Act, as amended) intended to protect against discrimination in terms and conditions of employment.

39. By the above-described acts, Defendants discriminated against Plaintiff because of her race, by terminating Plaintiff based on his race, continually harassing her based on race and failing to adequately address the race discrimination/harassment that was regularly reported.

40. Further, Defendants acted with reckless indifference to Plaintiff's federally protected rights.

41. At all relevant times, Plaintiff was qualified for her position with Defendants, and her job performance was excellent. Plaintiff received high praise during the course of her employment except for the circumstances surrounding these incidents.

42. Plaintiff was treated differently than others outside her protected class, and she suffered

discrimination and harassment because of her race.

43. Because of Defendants' discriminatory actions, Plaintiff has suffered adverse employment actions, unjustified termination of her employment. Plaintiff also suffered loss of wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in all probability, in the future.

44. In addition, Plaintiff avers that Defendants' unlawful and discriminatory actions on account of his race violates the provision of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, paragraph 703(a), justifying an award *inter alia*, of compensatory and punitive damages against Defendants.

45. Such discrimination has caused Plaintiff to suffer damages of severe emotional distress and lost wages. Such discrimination was committed with malice and reckless indifference to the rights of Plaintiff to be treated as a member of a protected class, and to the intent of the statute to protect victims from such actions. Such malicious or reckless indifference warrants punitive damages as provided in Title VII of the Civil Rights Act as amended by the Civil Rights Act of 1991.

46. As a result of Defendants' discriminatory actions, Plaintiff has been denied opportunities to which she was entitled and such benefits and privileges that she would have received if she had not been intentionally discriminated against by Defendants. Plaintiff is now suffering and will continue to suffer past and future pecuniary loss, emotional anguish, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses. This irreparable injuries and monetary damages are the result of Defendants' discriminatory practices, and they will continue unless and until this Court grants relief.

**COUNT TWO:  TITLE VII - RETALIATION**

47. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

48. At all times relevant to this case, Defendants retaliated against Plaintiff by

terminating her in response to her complaining about racial discrimination and/or filing of an EEOC charge against them.

49. Plaintiff complained internally about race discrimination and harassment in April 2018 by initiating a process with the office of diversity and inclusion.

50. By June 2018, she was placed into a closet for an office.

51. Plaintiff responded by filing a complaint with the EEOC in June 2018.

52. Plaintiff was then addressing the mental and emotional consequences of suffering from pervasive discrimination and harassment for a long time by taking some weeks off to address her mental/emotional issues.

53. Plaintiff was then terminated in August 2018 in retaliation for complaining internally and filing an EEOC complaint.

54. Plaintiff have suffered damages plus incurring reasonable attorney's fees and costs.

55. As a result of Defendants' willful violation of Title VII Plaintiff is entitled to liquidated damages, interest, attorney's fees and court costs.

## VI.   CAUSATION AND DAMAGES

56. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

57. Defendants acted with the intent of injuring Plaintiff.  The actions of Defendants were taken and carried out with actual malice, and with the desire to inflict injury and damage upon Plaintiff without any cause or excuse.

58. As a direct and proximate result of Defendants' above-mentioned legal violations, Plaintiff has suffered damages, including but not limited to loss of earnings and earning capacity, damage to her good name and reputation, loss of pension and fringe benefits, loss of a beneficial economic relationship with Defendants, and loss of the ordinary pleasures of everyday life, including a right to pursue gainful occupation of choice.

59. As a direct result of Defendants' discrimination and wrongful termination/retaliation against Plaintiff, Plaintiff has suffered mental anguish and emotional distress.

60. Accordingly, Plaintiff is entitled to recover punitive damages under Title VII.

## VII.  JURY DEMAND

61. Plaintiff requests a trial by jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment be entered in her favor awarding her judgment as follows:

62. An order out of this Court reinstating Plaintiff in a position comparable to that which she formerly held or should have held with Defendant and such other equitable relief necessary to end the discriminatory, unfair, and illegal practices of Defendant;

63. An injunction against future violations;

64. An award of back pay, front pay and lost fringe benefits, including damages for lost earnings capacity;

65. Expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

66. Emotional distress and mental anguish;

67. Compensatory damages in whatever amount Plaintiff is found to be entitled, together with interest, costs and attorney's fees, under Title VII;

68. Punitive damages against Defendant, entitled under Title VII;

69. Pre-judgment interest at the highest rate allowed by law;

70. Post-judgment interest at the highest rate allowed by law;

71. All costs of court, and

72. Such other and further relief at law or in equity, to which Plaintiff may be justly

entitled.

Dated: December 20, 2022                                  Respectfully submitted,

                                                             /s/Vincent J. Bhatti_____
                                                          Vincent J. Bhatti
                                                          State Bar No. 24055169
                                                          vincent.bhatti@bhattilawfirm.com
                                                          Ditty S. Bhatti
                                                          State Bar No. 24062803
                                                          Ditty.bhatti@bhattilawfirm.com
                                                          5700 Tennyson Parkway,
                                                          Suite 300
                                                          Plano, Texas 75024
                                                          (214) 253-2533 (Telephone)
                                                          (214) 279-0033 (Facsimile)
                                                       *Attorneys for Plaintiff*